**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NORMA BEDELL,

     **Plaintiff,**

vs.                                                    CASE NO.:

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NORMA BEDELL (hereinafter as "Plaintiff" or "Bedell"), by and

through her undersigned counsel, and hereby sues the Defendant, UNIVERSITY

OF SOUTH FLORIDA BOARD OF TRUSTEES (hereinafter as "USF" or

"Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2.     Venue lies within the United States District Court for the Middle

District of Florida, Tampa Division because a substantial part of the events giving

rise to this claim occurred in this Judicial District and is therefore proper pursuant

to 28 U.S.C. 1391(b).

## PARTIES

3.     At all times material herein, Plaintiff, NORMA BEDELL, was and is a

resident of Hillsborough County, Florida.

4.      At all times material herein, Defendant, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, was and is a state university.  The school's Board of Trustees is the legal entity with the power to sue or be sued in the school's name. *See Fla. Stat 1001.72.*

5.      At all times material herein, Defendant, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, was an employer as defined by the laws under which this action is brought and employs the required number of employees.

## GENERAL ALLEGATIONS

6.      At all times material, Defendant, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

7.      At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

8.      Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

9.      Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

10.     All conditions precedent to bringing this action have occurred.

11.     On August 9, 2021, Plaintiff timely filed a race, sex, age discrimination

and retaliation charge with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). A Right to Sue was issued on January 28, 2022.

12.     More than 180 days have passed since the filing of said charge.

#### FACTS

13.     Plaintiff began her employment with USF over 25 years ago in February 1996. Plaintiff's most recent position was Assistant Registrar.

14.     Throughout Plaintiff's employment, she received positive reviews and performed her job duties at or above the level expected.

15.     In 2019, USF hired Ms. Catherine Mund to serve as the university Registrar. At that time, Plaintiff reported to Ms. Willette Roach, who reported to Ms. Mund. Initially, Plaintiff had no issues with Ms. Mund.

16.     Later in 2019, Ms. Sharon Scarborough, who reported to Plaintiff, filed a discrimination complaint with USF's Diversity, Inclusion, and Equal Opportunity office (DIEO), alleging that USF and Ms. Mund had discriminated against her on account of her race.

17.     DIEO interviewed Plaintiff as part of its investigation and Plaintiff generally supported Ms. Scarborough and confirmed her allegations.

18.     DIEO ultimately issued findings and dismissed Ms. Scarborough's discrimination claims. Those finding identified Plaintiff as a witness and noted her support for Ms. Scarborough.

19.     When Ms. Mund learned of Plaintiff's involvement in DIEO's investigation, Plaintiff's relationship with Ms. Mund changed and Ms. Mund began to retaliate against Plaintiff.

20.     In early 2020, Plaintiff applied for a posted Associate Registrar position in the Registrar's office.

21.     Plaintiff was the only female applicant that was already an Assistant Registrar in the Registrar's office and soon learned that Ms. Mund planned to offer the job to Mr. Jordan Richardson, a younger white male that worked in the department. Although Plaintiff was more experienced and qualified than the other candidates for the position, Plaintiff did not move past the first round of consideration.

22.     On June 8, 2020, Plaintiff filed a grievance with the DIEO and with the EEOC alleging that USF had failed to consider Plaintiff's application and discriminated against her because of her race, age, and gender.

23.     Almost immediately after Plaintiff filed this complaint, USF removed the Associate Registrar position and did not offer it to any of the applicants.

24.     Thereafter, on September 8, 2020, USF closed Plaintiff's discrimination claim finding that because USF did not offer any applicant the position, Plaintiff could not establish that she was treated differently than the male and younger applicants (and therefore could not support a claim for discrimination).

25.     On March 5, 2021, Plaintiff learned that USF had promoted Mr. Richardson to a separate position in the Registrar's office and given him a substantial pay increase.

26.     That same day, March 5, 2021, Plaintiff sent Ms. Mund a detailed email noting significant pay discrepancies between the minority and the white staff members and discussing USF's failure to support or promote minority applicants.  Specifically, Plaintiff said:

> Are there other non-white staff that have taken on a great deal of additional work for the last few years and done a great job too also being for considered for promotion like Tiara and Jamillia?  Wasn't that the universities goal?  Because that hasn't happened to date.  It actually seems like nothing is being done to that end even after the president's and VP announcements about equity for black and brown staff that they sent out last year and the hiring of two black leadership who are supposed to be leading this charge that they hired last year.  Where is the equity?  Still, in our office there are several white staff that earn more than the black and brown staff across the board.

27.     Ms. Mund responded that Plaintiff and others were free to submit a Position Information Questionnaire (PIQ) and request a pay increase if they felt their duties had grown in complexity.

28.     On May 13, 2021, Plaintiff submitted a PIQ and Special Pay Increase (SPI) paperwork for herself and for two other minority, female staff members, as Ms. Mund had previously suggested.  In that paperwork, Plaintiff noted that her duties as well as that of some of her staff members had permanently grown in

complexity as required to support pay increases.

29.     On May 23, 2021, when Plaintiff had not heard back, she followed up with Ms. Mund about the PIQ and again discussed the pay equity issues. Plaintiff also noted that for years USF had paid a white male colleague in her same position and with a lighter workload substantially more than it paid Plaintiff.

30.      The next day, on May 24, 2021, Plaintiff met with Ms. Mund and two representatives from USF's Human Resource department who notified her that USF would not renew her contract and that her position would end at the close of business on August 23, 2021.

31.     In the written notice of non-reappointment, a copy of which is attached as Exhibit A, USF stated that it based its decision on its "conclusion that it was no longer in the university's best interests to continue [her] employment." The non-reappointment further noted that it was not a dismissal for cause or disciplinary action.

32.     In August 2021, Plaintiff learned that USF had posted an available Assistant University Registrar position (the same position that Plaintiff previously held). Given Plaintiff's experience and successful track record in that position, she applied and submitted her qualifications to the search committee.

33.     On August 25, 2021, the Assistant Director for Academics in the USF Office for Graduate Studies submitted a letter of reference to the search committee highly recommending Plaintiff for the position.

34. Despite Plaintiff's qualifications for the position and the letter of recommendation, on October 15, 2021, Plaintiff was notified that she had not been selected for an interview. And upon information and belief, USF selected a less qualified, younger, white candidate for that position.

## COUNT I
## 42 U.S.C. § 1981 DISCRIMINATION

35. Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 34, as if set out in full hereafter.

36. Plaintiff is a Hispanic female and member of a protected class under 42 U.S.C. § 1981.

37. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her race in violation of 42 U.S.C. § 1981, for which Defendant is liable.

38. Defendant knew or, should have known, of the discrimination.

39. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages (including for emotional pain and suffering);

e.      Punitive damages;

f.      Injunctive relief;

g.      Attorney's fees and costs;

h.      Injunctive relief; and

i.      For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, NORMA BEDELL, demands a trial by jury and judgment against Defendant, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT II
## 42 U.S.C. § 1981 - RETALIATION

40.     Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 34, as if set out in full hereafter.

41.     Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by 42 U.S.C. § 1981 and/or participating in an investigation.

42.     The above-described acts of retaliation constitute a violation of 42 U.S.C. § 1981.

43.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

a.      Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Interest on front pay and benefits;

e.    Compensatory damages, including those for emotional pain

and suffering;

f.    Punitive damages;

g.    Injunctive relief;

h.    Attorney's fees and costs; and

i.    All such other relief/damages to which Plaintiff is entitled.

**WHEREFORE,** Plaintiff, NORMA BEDELL, demands a trial by jury and judgment against Defendant, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT III
## TITLE VII - RACE DISCRIMINATION

44.    Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 34, as if set out in full hereafter.

45.    Plaintiff is a member of a protected class under Title VII.

46.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her race in violation of Title VII of the Civil Rights Act.

47.    Defendant knew, or should have known of the discrimination.

48.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

      a.    Back pay and benefits;

      b.    Interest on back pay and benefits;

      c.    Front pay and benefits;

      d.    Compensatory damages for emotion pain and suffering;

      e.    Punitive damages;

      f.    For costs and attorney's fees;

      g.    Injunctive relief;

      h.    For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, NORMA BEDELL, demands a trial by jury and judgment against Defendant, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT IV
## TITLE VII - RETALIATION

49.    Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 34, as if set out in full hereafter.

50.    Plaintiff suffered an adverse employment action in retaliation for raising concerns of racial and gender discrimination prohibited by Title VII and/or

participating in an investigation.

51.     The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. § 2000, *et seq.*

52.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

      a.     Back pay and benefits;

      b.     Interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Interest on front pay and benefits;

      e.     Compensatory damages, including those for emotional pain and suffering;

      f.     Punitive damages;

      g.     Injunctive relief;

      h.     Attorney's fees and costs; and

      i.     All such other relief/damages to which Plaintiff is entitled.

**WHEREFORE,** Plaintiff, NORMA BEDELL, demands a trial by jury and judgment against Defendant, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT V
## FLORIDA CIVIL RIGHTS ACT - RACE DISCRIMINATION

53.     Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 34, as if set out in full hereafter.

54.     Plaintiff is a member of a protected class under the Florida Civil Rights Act.

55.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her race in violation of the Florida Civil Rights Act.

56.     Defendant knew, or should have known of the discrimination.

57.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

    a.     Back pay and benefits;

    b.     Interest on back pay and benefits;

    c.     Front pay and benefits;

    d.     Compensatory damages for emotion pain and suffering;

    e.     For costs and attorney's fees;

    f.     Injunctive relief;

    g.     For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, NORMA BEDELL, demands a trial by jury and judgment against Defendant, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT VI
## FLORIDA CIVIL RIGHTS ACT – RETALIATION

58.     Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 34, as if set out in full hereafter.

59.     Plaintiff suffered an adverse employment action in retaliation for raising concerns of racial and gender discrimination prohibited by Florida Statutes Chapter 7960 and/or participating in an investigation.

60.     The above-described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

61.     As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer the following damages:

     a.     Back pay and benefits;

     b.     Interest on back pay and benefits;

     c.     Front pay and benefits;

     d.     Compensatory damages for emotion pain and suffering;

     e.     For costs and attorney's fees;

     f.     Injunctive relief;

     g.     For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, NORMA BEDELL, demands a trial by jury and judgment against Defendant, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, for damages as described above, and for such other and further relief

13

to which Plaintiff may be justly entitled.

## COUNT VII
## FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION

62.     Plaintiff realleges and adopts the allegations stated in paragraphs 1 –
34, as if set out in full hereafter.

63.     Plaintiff is 52 years of age and a member of a protected class under
the Florida Civil Rights Act.

64.     By the conduct described above, Defendant engaged in unlawful
employment practices and discriminated against Plaintiff on account of age in
violation of the Florida Civil Rights Act.

65.     Defendant knew, or should have known of the discrimination.

66.     As a result of Defendant's unlawful discrimination, Plaintiff has
suffered and continues to suffer the following damages:

      a.     Back pay and benefits;

      b.     Interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Compensatory damages for emotion pain and suffering;

      e.     For costs and attorney's fees;

      f.     Injunctive relief;

      g.     For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, NORMA BEDELL, demands a trial by jury and

judgment against Defendant, UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

**COUNT VIII**
**AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")**

67.     Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 34, as if set out in full hereafter.

68.     Plaintiff is a member of a protected class under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

69.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her age, in violation of the ADEA, 29 U.S.C. § 621 *et seq.*, for which Defendant is liable.

70.     Defendant knew, or should have known, of the discrimination.

71.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

        a.     Back pay and benefits;

        b.     Interest on back pay and benefits;

        c.     Front pay and benefits;

        d.     Liquidated damages;

        e.     Attorney's fees and costs;

        f.     Injunctive relief; and

g.      For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, NORMA BEDELL, demands a trial by jury and

judgment against Defendant, UNIVERSITY OF SOUTH FLORIDA BOARD OF

TRUSTEES, for damages as described above, and for such other and further relief

to which Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

72.      Plaintiff, NORMA BEDELL, requests a jury trial on all issues so
triable.


Dated this 23rd day of February, 2022.


                                        **FLORIN GRAY BOUZAS OWENS, LLC**

                                         */s/Scott L. Terry*
                                        **SCOTT L. TERRY, ESQUIRE**
                                        Florida Bar No.: 77105
                                        sterry@fgbolaw.com
                                        debbie@fgbolaw.com
                                        **WOLFGANG M. FLORIN, ESQUIRE**
                                        Florida Bar No.:  907804
                                        wolfgang@fgbolaw.com
                                        16524 Pointe Village Drive, Suite 100
                                        Lutz, FL 33558
                                        Telephone (727) 254-5255
                                        Facsimile (727) 483-7942

                                        *Attorneys for Plaintiff*